UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

TYREN SCOTT

CRIMINAL ACTION

NO.: 19-00068-BAJ-RLB

RULING AND ORDER

Before the Court is Defendant's **Motion to Suppress (Doc. 18)**, seeking to exclude at trial post-*Miranda* statements regarding the possession of a firearm. Defendant asks the Court to make a factual determination as to the level of his intoxication at the time of his interrogation, and to rule that his post-*Miranda* statements were involuntary and inadmissible under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602 (1966). For the reasons that follow, Defendant's **Motion** is **DENIED**.

I. BACKGROUND

On March 24, 2019, Defendant was arrested by Baton Rouge Police Officer Brian Roy. Officer Roy testified that he received a dispatch call reporting a black male who was found asleep behind the wheel of a 2007 silver Honda Civic, and that the vehicle was obstructing the roadway at the intersection of North Harrell's Ferry Road and Sherwood Forest Boulevard. Officer Roy approached the vehicle and saw Defendant asleep in the driver's seat. Officer Roy reached through the window and

1

turned off the car, then instructed Defendant to step out of the vehicle to ensure that Defendant was not having a medical event.

After Defendant stepped out of the vehicle, Baton Rouge Fireman Zachary Bushnell, who had arrived on the scene with EMS, observed Defendant reach towards the floorboard of the vehicle in an attempt to retrieve a gun. Fireman Bushnell grabbed the gun and passed it to another fireman. Another Baton Rouge police officer, Timothy Tucker, arrived on the scene and took possession of the gun.

Defendant was handcuffed, searched, and placed in the Officer Tucker's patrol car while the officers checked and secured the gun. Officer Tucker later transferred Defendant to Officer Roy's patrol car where Officer Roy gave Defendant his *Miranda* rights. Officer Roy claims that before he gave the rights, he asked Defendant if he could understand him, to which Defendant replied "yes sir." When asked whether Defendant understood his *Miranda* rights, Officer Roy claims the Defendant repeatedly answered, "yes sir."

Officer Roy continued to question Defendant as he sat in the patrol car. In Defendant's post-*Miranda* statements, he stated that the vehicle belonged to his girlfriend and that he was not reaching for the gun. When asked who the gun belonged to, Defendant claimed that he found the gun near Sherwood Forest Boulevard two weeks prior. Defendant was later transferred to another patrol car. Officer Roy claims that Defendant made the following post-*Miranda* warning statement: "I promise I wasn't trying to reach for no gun. If that's the case, I would

have came [sic] out with the gun...I'm just minding my own business. I had that for my safety. I'm not trying to hurt nobody or nothing."

Officer Roy claims that Defendant later admitted to him that he took Xanax about three hours before the incident and insisted that he was no longer feeling the effects of the drug and had not taken any other drugs. Defendant allegedly proceeded to answer additional questions in which he indicated that he was aware of his surroundings and understood where he was.

On June 6, 2019, Defendant was indicted for one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §922(g)(1). Defendant asks the Court to make a factual determination as to his level of intoxication at the time of his interrogation and to rule that his statements were involuntary and inadmissible under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602 (1966). The Court conducted an evidentiary hearing on the Motion to Suppress on October 30, 2019.

## II. DISCUSSION

Defendant admitted to officers that he had consumed Xanax prior to losing consciousness behind the wheel. He argues that once he regained consciousness, he was not of sound and sober mind while making the post-*Miranda* statements. Defendant cites to *United States v. Taylor*, 508 F.2d 761 (5th Cir. 1975) in arguing that when a "defendant was so affected as to make his statement, after appropriate warnings, unreliable or involuntary" due to intoxication, then the proper remedy is suppression of the challenged statement. See *Id.* at 763. The Government contends that the facts of this case do not support suppression of Defendant's statements

3

because the Fifth Circuit Court of Appeals explained in *Taylor* that "the mere fact that the defendant had taken drugs prior to giving the statement does not render it inadmissible." *Id.* at 763. The Government ultimately requests that the Court deny Defendant's Motion to Suppress because Defendant waived his *Miranda* rights and his subsequent statements were voluntary.

A.  The Validity of Defendant's Waiver of *Miranda* Rights

Under *Miranda*, a defendant's waiver of the right to remain silent must be made voluntarily, knowingly, and intelligently. *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602 (1966). A valid *Miranda* waiver requires two components: (1) the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception, and (2) the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. *United States v. Hearn*, 563 F.3d 95, 104 (5th Cir. 2009) (quoting *United States v. Cardenas*, 410 F.3d 287, 293 (5th Cir. 2005). The burden is on the Government to prove a valid waiver of these rights and that the subsequent confession was voluntary by a preponderance of the evidence. *Colorado v. Connelly*, 479, U.S. 157, 168, 107 S.Ct. 515 (1986). The Court must employ a totality of the circumstances test to assess whether Defendant's waiver was valid. *United States v. Foy*, 28 F.3d 464, 474 (5th Cir. 1994).

For a confession to be admissible at trial, the Government must show that a defendant was informed of his *Miranda* rights and that his waiver thereof and the

resultant confession were the product of a free and deliberate choice. *United States v. Collins*, 40 F.3d 95, 98 (5th Cir. 1994). The waiver also must be free of government coercion. See *United States v. Raymer*, 876 F.2d 383 (5th Cir. 1989). When the Court employs the totality of the circumstances test to assess whether Defendant's waiver was valid, it must consider the element of government coercion. See *Id.* at 387. Defendant did not assert coercion to support his motion to suppress his statements, nor did he allege any facts that could be considered by the Court to be coercion. At the evidentiary hearing, none of the evidence presented revealed that any form of government coercion was used to induce Defendant's statements. Audio and video evidence showed that the Defendant answered officers' questions in a manner that seemed to be voluntary. No threats or menacing conduct by the officer has been alleged by the Defendant. Thus, the Court finds that Defendant's post-*Miranda* statements were the result of voluntary and deliberate choice free of government coercion.

For the second element, the Government must show that Defendant made the waiver with the full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Defendant argues that his consumption of Xanax prior to his arrest rendered him intoxicated to the point that his statements were involuntary. A confession may be involuntary if the defendant is so intoxicated by alcohol or other drugs that the confession is not rationally and freely given. *United States v.* Blake, 481 Fed.Appx 961, 962 (5th Cir. 2012) (citing *United States v. Kreczmer*, 636 F.2d 108, 110 (5th Cir. 1981). However, the mere fact that a

5

defendant had taken drugs prior to giving the statement does not necessarily render the statement inadmissible. *United States v. Taylor*, 508 F.2d 761, 763 (5th Cir. 1975). The evidence must show that defendant was so affected as to make his statement, after appropriate warnings, unreliable or involuntary. *Id.* The Court is required to consider several factors in this analysis, including whether a defendant showed signs of intoxication, cooperativeness and alertness during questioning, the amount of detail in a defendant's answer, whether the officers believed the defendant to be aware and reasonable during questioning, whether defendant indicated that he understood his *Miranda* rights, and whether defendant responded affirmatively to questions regarding his understanding of his rights. (*See United States v. Taylor*, 508 F.2d 761 (5th Cir. 1975); *United States v. Reynolds*, 367 F.3d 294 (5th Cir. 2004); *United States v. Andrews*, 22 F.3d 1328 (5th Cir. 1994); *United States v. Solis*, 299 F.3d 420 (5th Cir. 2002); *United States v. Kreczmer*, 636 F.2d 108 (5th Cir. 1981)).

After considering these factors and the totality of the circumstances, the Court finds that Defendant was not so affected as to render his post-*Miranda* warnings involuntary. His waiver was the product of a free and deliberate choice with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Video evidence and witness testimony strongly supports a finding that Defendant was not so intoxicated that his statement was not voluntary, knowing, and intelligent. Fireman Bushnell testified that Defendant had control over his own body and knew what was occurring around him, although he seemed "buzzed." Officer Roy and Officer Tucker, who both testified to having hundreds of

6

encounters with intoxicated individuals, testified that they believe that Defendant was not so heavily impaired during the incident that he was unaware of the circumstances around him. Officer Tucker testified that the Defendant coherently explained why he had the gun. Officer Roy testified that the Defendant did not speak in a manner consistent with that of a heavily intoxicated person; Defendant never slurred his speech and maintained eye contact throughout the incident. Officer Roy testified that the Defendant answered "yes sir" to all questions concerning his ability to understand his *Miranda* rights, and even described where his mother lived using street names and landmarks. Officer Roy testified that the heavily intoxicated people he has encountered during his career typically do not use details such as landmarks to describe places.

All video evidence revealed that Defendant was aware of his surroundings and that he knew he was under arrest. Video evidence showed that the Defendant quickly complied with Officer Roy's instructions to get out of the vehicle, willingly answered questions posed by the officers, and communicated coherently throughout the incident. Video evidence also showed that the Defendant asked Officer Roy to issue a summons, which suggests that the Defendant was aware enough to know the difference between an arrest and the issuance of a summons. For these reasons, the Court finds by a preponderance of the evidence that the Defendant was not so affected by the drug he ingested that his statements were rendered involuntary. Thus, Defendant waived his *Miranda* rights knowingly, intelligently, and voluntarily.

III.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Suppress (Doc. 18)** is **DENIED**.

Baton Rouge, Louisiana, this 6th day of November, 2019.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**